**Order entered April 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01560-CV

### SCOTT PELLEY P.C.,
### THE PELLEY FAMILY LIMITED PARTNERSHIP,
### AND SCOTT PELLEY, INDIVIDUALLY, Appellants

### V.

### MIKE C. WYNNE, JOHN HUNTER SMITH, AND
### M&S WYNNE FAMILY LIMITED PARTNERSHIP, Appellees

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV 11-1026**

## ORDER

Before the Court is: (1) the March 26, 2018 request of Scott Pelley P.C., The Pelley Family Limited Partnership, and Scott Pelley, individually, (collectively "the Pelley parties") for a supplemental mandate and direction to the trial court to release to the Pelley parties the deposit in lieu of bond filed by Mike C. Wynne, John Hunter Smith, and M&S Wynne Family Limited Partnership (collectively "the Wynne parties"); and (2) the March 28, 2018 response of the Wynne parties, disputing that the cash deposit should be released to the Pelley parties.

The record shows that on August 31, 2015, the trial court signed an "order regarding sale of real property." On September 14, 2015, the Wynne parties filed a motion requesting the trial

court to set the amount of the supersedeas bond pursuant to Texas Rule of Appellate Procedure 24.2(a)(2). *See* TEX. R. APP. P. 24.2(a)(2) (amount of bond, deposit or security when judgment is for recovery of interest in real or personal property). On September 11, 2015, the Wynne parties filed a notice of appeal of the trial court's order of sale. On September 16, 2015, the trial court signed an order pursuant to Texas Rule of Appellate Procedure 24.1, requiring the Wynne parties to supersede the judgment by filing with the trial court clerk a bond in the amount of $400,000. *See* TEX. R. APP. P. 24.1 (suspension of enforcement), 24.2(a)(3) (when judgment is for something other than money or interest in property, security must adequately protect judgment creditor against loss or damage appeal might cause); *see also Devine v. Devine*, No. 07-15-00126-CV, 2015 WL 2437949, at *3–4 & n.3 (Tex. May 20, 2015) (per curiam) (order) ("Because the judgment awards the parties an interest in as-yet-unrealized proceeds from the sale of the property, the award is not a direct recovery of an interest in real property."). On September 17, 2015, the Wynne parties filed a cash deposit in lieu of bond in the amount of $400,000.

While that appeal was pending, the trial court signed its final judgment on October 7, 2015, ordering, in part, the Wynne parties recover damages and that, unless the parties can agree on a method to buy or sell their respective 50% interests in the Washington Street building, they shall furnish the name of a receiver to sell the Washington Street building within thirty days of the date of the final judgment. On December 2, 2015, the trial court signed an order setting the amount of cash deposit in lieu of supersedeas bond that the Pelley parties should file at $364,594.69. On December 3, 2015, the Pelley parties filed their cash deposit in lieu of bond.

On December 30, 2015, the Pelley parties filed their notice of appeal of the trial court's final judgment. On January 6, 2016, the Wynne parties filed their notice of cross-appeal of the

final judgment. On January 27, 2016, this Court consolidated the appeal of the order of sale, into the appeal of the trial court's final judgment. On August 28, 2017, this Court issued its opinion and judgment in this case. *See Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823 (Tex. App.—Dallas Aug. 29, 2017, pet. denied). However, this Court's judgment disposed only of the cash deposit in lieu of bond filed by the Pelley parties. The mandate issued on February 27, 2018.

The parties dispute who is entitled to the cash deposit filed by the Wynne parties and whether the appeal has caused any compensable loss or damage to the Pelley parties. This Court **DENIES** the March 26, 2018 request of the Pelley parties for a supplemental mandate and direction to the trial court to release to the Pelley parties the deposit in lieu of bond filed by the Wynne parties. This denial is without prejudice to any party seeking relief from the trial court respecting the Wynne parties' cash deposit.


/s/  DOUGLAS S. LANG
    JUSTICE